**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | Case No. 1:07-CV-03623 |
| ) | |
| Level Propane Gases, Inc., et. al. ) | Bankruptcy Case No. 02-16172 |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| ) | |
| WILLIAM H. MALOOF, ) | JUDGE ANN ALDRICH |
| ) | |
| Appellant, ) | MAGISTRATE JUDGE PERELMAN |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| JOHN VERBOS, ) | |
| ) | |
| Appellee. ) | **MEMORANDUM AND ORDER** |

Before the court is appellee John Verbos' ("Verbos") motion to dismiss for lack of jurisdiction an appeal of an interlocutory order issued by the United States Bankruptcy Court for the Northern District of Ohio. (Doc. No. 8.) For the reasons set forth below, the court grants Verbos' motion and dismisses the case.

**I.  Background**

This case was filed on June 6, 2002, in the United States Bankruptcy Court for the Northern District of Ohio. Just over one year later, the going concern assets of Level Propane Gases, Inc. were conveyed to a third party pursuant to agreement. On June 6, 2006, appellant William H. Maloof ("Maloof") filed a motion to vacate the agreed conversion order. The bankruptcy court denied Maloof's motion on November 28, 2006, which was affirmed by this court on August 16,

2007.

On September 5, 2007, Maloof filed a second motion to vacate the conversion order as well as the conveyance of assets. A hearing on the motion was scheduled for October 16, 2007. On October 7, 2007, Maloof served subpoenas upon Verbos to compel him to testify at the October 16th hearing. Verbos moved to quash the subpoenas and sought a protective order relating to them. In his memorandum in support of his motion to quash, Verbos relied on *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 563 F.2d 1115 (6th Cir. 1976), for the proposition that Maloof had to make a prima facie showing of fraud on the court before being entitled to discovery. Maloof's brief in opposition sought to distinguish *H.K. Porter* on its facts.

On October 16, 2007, the bankruptcy court conducted a hearing on Verbos' motion to quash, which it granted from the bench. At that hearing, the court neither determined whether an evidentiary hearing should be held on the motion to vacate, nor ruled on the motion itself, reserving ruling on such issues for a later time.

On November 21, 2007, Maloof appealed the bankruptcy court's order granting Verbos' motion to quash. (Doc. No. 1.) On December 10, 2007, Maloof filed an amended brief in this court, arguing that the bankruptcy court committed clear error when it granted Verbos' motion to quash because Verbos' motion was premised on an erroneous characterization of *H.K. Porter*.[1]

On December 17, 2007, Verbos filed a motion to dismiss Maloof's appeal for lack of jurisdiction pursuant to 28 U.S.C. § 158 because the bankruptcy court's interlocutory order is not subject to immediate appeal. (Doc. Nos. 8, 8-2.) Maloof filed an opposition brief on January 4,

---

[1] Verbos admits that the authority in the brief was inadvertently misquoted, but asserts that the error was not material. (Doc. No. 8-2.)

2008 (Doc. No. 11), and Verbos filed a reply on January 14, 2008 (Doc. No. 13).

## II. Discussion

Pursuant to 28 U.S.C. § 158(a), this court has jurisdiction to hear appeals from final as well as interlocutory orders of the bankruptcy court.[2] The order at issue is an interlocutory order, which Maloof in effect concedes.[3] In determining whether to hear an appeal from such an interlocutory order, courts in this circuit apply the standards governing interlocutory appeals to federal courts of appeals as provided in 28 U.S.C. § 1292(b). *Clippard v. Ragle* (*In re Ragle*), No. 3:07-CV-26-KKC, 2007 U.S. Dist. LEXIS 88828, at * 9-10 (E.D. Ky. Dec. 3, 2007). The Sixth Circuit has articulated the standards under 28 U.S.C. § 1292(b) as giving it discretion over an interlocutory appeal "if (1)

---

[2] 28 U.S.C. § 158 provides that:
> (a) The district courts of the United States shall have jurisdiction to hear appeals[--]
>
> > (1) from final judgments, orders, and decrees;
> > (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> > (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a) (2006). Although Verbos asserts that an older version of § 158 would apply to this matter, the relevant parts of that statute were not affected by the 2005 amendment that he cites.

[3] Maloof analogizes the order at issue to a final order because he believes that the order "all but decided the Motion to Vacate now pending in the Bankruptcy Court." (Doc. No. 11.)

the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *W. Tenn. Chapter of Associated Builders and Contractors v. City of Memphis* (*In re City of Memphis*), 293 F.3d 345, 350 (6th Cir. 2002). Further, "[r]eview under § 1292(b) should be sparingly granted and then only in exceptional cases." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993.)

In the instant case, jurisdiction over the interlocutory appeal is not proper because an immediate appeal would not materially advance the ultimate termination of the litigation. "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *W. Tenn. Chapter of Associated Builders and Contractors*, 239 F.3d at 351. Thus, immediate appeal tends to materially advance the ultimate termination of the litigation when reversal will substantially alter the course of court proceedings. *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris, Inc.*, 29 F. Supp. 2d 825, 838 (N.D. Ohio 1998).

In Maloof's memorandum in opposition to Verbos' motion to dismiss, Maloof asserts that the interlocutory appeal will materially advance the litigation of the motion to vacate currently pending in bankruptcy court, claiming that doing so will save the parties and the courts years of litigation. Maloof, however, fails to provide any facts to support his conclusion.

Maloof also fails to address how a reversal would substantially alter the course of proceedings in the bankruptcy court. The order at issue served only to quash subpoenas, thus depriving Maloof of Verbos' testimony in the event that the bankruptcy court holds an evidentiary hearing on Maloof's motion to vacate. Verbos has asserted, however, that the bankruptcy court has

neither ruled on Maloof's motion to vacate, nor on whether to grant an evidentiary hearing on the motion. Under such conditions, a reversal of the order in this court would be moot if the bankruptcy court decides not to hold a hearing. To the extent that Verbos' misquotation or misstatement of the law was material to the bankruptcy court's determination, Verbos' better course of action would be to move for reconsideration in that court. As stated, interlocutory appeals are appropriate only in exceptional cases, and the chance that a reversal in this court *could* materially affect the course of proceedings in the bankruptcy court is simply not enough to warrant immediate appeal.

**III. Conclusion**

For the foregoing reasons, the court grants Verbos' motion (Doc. No. 8) and dismisses Maloof's appeal for lack of jurisdiction. This order is final and appealable.

IT IS SO ORDERED.

                                     */s/ Ann Aldrich*
                                     ANN ALDRICH
                                     UNITED STATES DISTRICT JUDGE

Dated: January 23, 2008